■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHALAN DEIS, Appellant.—Judgment affirmed. Memorandum: On appeal from a judgment convicting him of manslaughter in the first degree, defendant contends that statements made by him at the scene of the crime before being advised of his *Miranda* rights were the product of custodial interrogation and should have been suppressed. We agree with the suppression court that a reasonable man, innocent of any crime, would not have concluded that he was in custody while at the scene of the crime *(see, People v Yukl,* 25 NY2d 585, *mot to amend remittitur denied* 26 NY2d 845, *cert denied* 400 US 851).* Defendant's freedom to move about was not limited, nor was he handcuffed or frisked; in this investigatory setting, whether the police might have prevented him from leaving is not controlling *(see, People v Rodney P.,* 21 NY2d 1, 10). Nor do we find that the condition imposed by the police that defendant speak in English when talking to his cousin by telephone was a "significant restraint" likely to affect defendant's will to resist or to compel him to speak when he might otherwise not do so freely *(People v Rodney P., supra,* at 11).

We have examined defendant's remaining arguments on appeal and find them lacking in merit.

All concur, Pine, J., not participating. (Appeal from judgment of Monroe County Court, Wisner, J.—manslaughter, first

degree.) Present—Callahan, J. P., Denman, Green, Pine and Lawton, JJ.